# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SHAYLA BROOKS,                    )
                                 )
    Plaintiff,           )
                                 )
v.                               )        **Case No. 13-2410-EFM**
                                 )
JANINE HINZMAN, et al.           )
                                 )
    Defendants.          )
_____ )


## MEMORANDUM AND ORDER


This matter comes before the court on the separate motions by defendants Hinzman and Achatz (**Doc. 34**) and by plaintiff (**Doc. 41**) for an in camera inspection and production of agency records. Consistent with the parties' stipulated Protective Order,[1] the parties submitted agency records of the Kansas Department for Children and Families ("DCF") to the court for in camera inspection as required by K.S.A. § 38-2212(e). The court must determine whether the documents "are necessary for the proceedings of the court and otherwise admissible as evidence" and "specify the terms of disclosure and impose appropriate limitations."[2] After its review, the court outlines the terms by which the documents must be disclosed.

_____

[1] Prot. Order, Doc. 24.
[2] K.S.A. § 38-2212(e).

## Defendants Hinzman and Achatz's motion (Doc. 38)

Defendants Hinzman and Achatz submitted to the court those DCF agency records that are in their possession. For ease of reference, the court uses the Bates numbers assigned by defendants to identify those documents.

The court finds that the following documents **should not be produced** to any party, for the reasons specified below:

- DCF000424-426: These pages contain a discussion of how the agency is to manage an ongoing DCF investigation in concert with a pending lawsuit. These communications are deemed attorney-client privileged and must not be produced.

- DCF000431-434: These agency records relate to an individual with no ties to plaintiff or her family. The documents appear to have been placed in the DCF file in error and are irrelevant to this case.

- DCF000862-966: These records contain allegations of abuse of one of plaintiff's children by an unrelated minor while the child was at daycare. These documents are neither relevant nor necessary to this case and would be inadmissible at trial.

- DCF000753: This document is a photocopy of a non-party's drivers' license and Social Security card. Neither the TFI defendants[3] nor plaintiff address this document in their briefing, and the court is unable to determine the relevance of the information. Therefore, the court finds that this document is neither relevant nor necessary to this case and would be inadmissible at trial.

The following documents **should be produced** because the documents are necessary to the current proceedings of this court and otherwise admissible as evidence.[4]

---

[3] The "TFI defendants" include defendants Nicole Wolf, Jessica Geelen, Mary Kay Talley, and TFI Family Services, Inc.

[4] *See* K.S.A. § 38-2212(e).

For ease of discussion, the documents are considered in the categories used by the parties and the limitations on disclosure for each group are outlined below.

### 1. Information and statements made by plaintiff's children to their therapists, social workers, or law enforcement

Defendants Hinzman and Achatz possess documents which contain information and statements made by plaintiff's children to therapists, social workers and law enforcement. Defendants claim that allegations exist regarding possible retaliation to the children for statements made to those individuals. However, the parties agree that production of any documents or the information contained in those documents as "attorneys' eyes only" strikes the appropriate balance between disclosure of relevant information and the protection of the children. Therefore, the information should be disclosed only to counsel for each party. If any party wishes to later disclose such information, or use it in any deposition, motion, or trial, the party must seek leave of the court to do so.

### 2. Portions of Kansas Standard Offense Reports that are not public record

Agency records numbered DCF000513-518 and DCF001740-744 contain non-public portions of separate Kansas Standard Offense reports involving plaintiff and/or her children. These documents are confidential under K.S.A. § 45-221(a)(10) and may only be disclosed pursuant to a court order.[5] The parties have agreed that these documents are relevant to this matter, and that disclosure of the documents as "attorneys' eyes only"

---

[5] *See Williams v. McKamie*, 2005 WL 1397381, at *1 (D. Kan. June 13, 2005).

strikes an appropriate balance between the release of relevant information and the protection of the individuals named in the reports. Any party later wishing to disclose such information or use it in any deposition, motion, or trial must first seek leave of the court.

### 3. Medical records of plaintiff's child

Documents numbered DCF001405-410 contain medical records of one of plaintiff's children. Hinzman and Achatz raise privacy concerns regarding the disclosure of the records to any person other than plaintiff. The TFI defendants argue that any physician-patient privilege has been waived and/or that the HIPAA privacy rules[6] do not apply. Plaintiff did not address these records in her response.

The court agrees with the TFI defendants that the HIPAA rules do not prevent the release of this information because the defendants are not covered entities prohibited from disclosure.[7] However, the court finds that the physician-patient privilege does apply to these records. Disclosure to a third party does not waive the patient-physician privilege "when such disclosure . . . was necessary to accomplish the purpose for which the physicians were consulted."[8] Here, the records were disclosed to DCF by the child's physician and came into the possession of Hinzman and Achatz as employees of DCF for the purpose of protection of the patient, a minor child.

---

[6] Health Insurance and Portability Accountability Act of 1996 and regulations thereof which set forth the HIPAA Privacy Rule, 45 C.F.R. 164.512.

[7] *See* 45 C.F.R. 160.103, defining "covered entity" as a health plan, a health care clearinghouse, or a health care provider.

[8] *Phillips v. Medtronic, Inc.*, 130 F.R.D. 136, 142-43 (D. Kan. 1990).

Because the privilege has not been waived, the medical records of plaintiff's child found in DCF001405-410 may be disclosed only to plaintiff as legal representative of the minor child. If plaintiff elects to disclose these records to the TFI defendants, she may do so by executing the proper release.

### 4. Information identifying reporters of suspected abuse

Defendants Hinzman and Achatz argue that documents containing information, such as addresses and phone numbers, which could be used to identify the reporters of suspected child abuse should not be disclosed.[9] The TFI defendants agree that any identifying data should be redacted, but request that both the number of these individuals and the number of reports made by each individual should also be released. Plaintiff argues that the identifying information is relevant under Federal Rule of Civil Procedure 26(b)(1) and must be disclosed. However, the proper standard for disclosure of agency records is the more restrictive criterion found in K.S.A. § 38-2212.

The overarching guideline for disclosure under K.S.A. § 38-2212 is to "provid[e] access only to persons or entities with a need for information that is directly related to achieving the purposes of this code."[10] The purposes of the Revised Kansas Code for Care of Children are outlined in ten "policies of the state."[11] One of those policies is to

---

[9] Defendants Hinzman and Achatz do not possess the names of the reporting individuals.
[10] K.S.A. § 38-2212(a).
[11] K.S.A. § 38-2201(b).

"encourage the reporting of suspected child abuse and neglect."[12]  To that end, the Code reiterates the prohibition against identification of reporters.[13]

Identification of the specific reporters could have a chilling effect on the reporting of suspected abuse or neglect and contravene the purpose of the code.  However, given the plaintiff's family's multiple encounters with DCF, the court agrees that disclosure of the number of different reporters could provide an enhanced understanding of the history between the parties.  Therefore, all information which would allow a person to identify the reporter should be redacted from production.  Hinzman and Achatz shall identify each reporter by number, along with the number of reports that each individual made to DCF.[14]

### 5.  All other documents

Plaintiff asserts that defendants Hinzman and Achatz may be in possession of other documents which were not otherwise categorized in the briefing and could have been inadvertently withheld.  After its review of defendants' extensive "Catalog of DCF Agency Files" and the associated records, the court is satisfied that defendants have submitted all agency documents in their possession for in camera review and court-

---

[12] K.S.A. § 38-2201(b)(5).

[13] *See* K.S.A. § 38-2212(c) (prohibiting disclosure of any information "which identifies a reporter of a child who is alleged or adjudicated to be a child in need of care."); *see also* K.S.A. § 38-2212(d) (prohibiting identification of a reporter when agency records are disclosed to the Kansas legislature or to the public under limited circumstances).

[14] For example, a reporter who made 3 separate reports could be identified as "Reporter #1, report 1 of 3."

ordered disclosure. Each party is reminded of its duty to supplement as required by Federal Rule of Civil Procedure 26(e).

## Plaintiff's Motion (Doc. 41)

Plaintiff requests that all agency documents in her possession be disclosed, subject to certain restrictions: that disclosures comply with the Protective Order and be designated as "attorneys' eyes only." Plaintiff also seeks the redaction of all social security numbers and all names of children. Although the defendants generally have no objection to these limitations, the TFI defendants request that the children be identified, at a minimum, by initials so that the parties can discern which child is the subject.

Upon review of both motions and the associated records, the court notes that a majority of plaintiff's records were generated by DCF and are therefore contained in the agency records submitted by defendants. For the sake of consistency and for the reasons specified above, plaintiff's records must be produced in the same manner as those disclosed by defendants. Specifically, the Kansas Standard Offense reports numbered as plaintiff's 211-234 are subject to the same limitations described in section 2 above and should be produced to counsel only.

For purposes of consistency and to avoid undue burden on the parties, the parties are *not* required to redact the children's names from the documents produced pursuant to this order. Because the documents submitted by plaintiff are already in the possession of defendants, redaction at this point is impractical. Additionally, all documents produced pursuant to this order are limited by the Protective Order as discussed below. However,

the parties are cautioned to *strictly* comply with Fed. R. Civ. P. 5.2 regarding privacy protection for any documents disclosed pursuant to this order which the parties later seek to include in any public filings during this litigation.

## Records submitted by DCF

On March 10, 2014, without formal motion, the court received records from DCF on behalf of defendant TFI Family Services for an in camera inspection. The records submitted by DCF are necessary for these proceedings and are otherwise admissible as evidence. Because DCF did not request limitations on the records' disclosure, as required by the parties' Protective Order,[15] all records should be produced. However, *all limitations established above* for the agency records produced by other parties are extended to the DCF records to the extent applicable.

## Limitations applicable to all agency records

Under K.S.A. § 38-2212(e), the court must impose appropriate limitations on any disclosure. The parties are therefore reminded that *all* documents produced pursuant to this order are subject to the Protective Order governing this case. The parties are instructed to strictly comply with *all* terms of the Protective Order, including the following:

> "Confidential Information" may be reviewed by the parties with their attorneys of record, but the information shall not be copied or disseminated to the parties for their personal use, nor shall any party have the right to maintain a copy of the "Confidential Information" for their personal use. The only persons who shall retain a copy of the "Confidential Information"

---

[15] *See* Prot. Order, Doc. 24 at 4.

during the course of this litigation, unless otherwise ordered by this Court, are the parties' respective counsel of record.[16]

Compliance will ensure that the sensitive agency information remains confidential and the parties are cautioned to adhere to those restrictions in production of this information.

All parties address the redaction of social security numbers contained within the agency records. The parties were previously directed to redact social security numbers during the January 28, 2014 phone conference,[17] but the parties submitted some documents with unredacted social security numbers for the ease of the court's in camera review. The parties are ordered to properly redact all social security numbers before producing documents to the other parties and to comply with Fed. R. Civ. P. 5.2 in future filings.

**IT IS THEREFORE ORDERED** that the parties must disclose the agency records in each party's possession, applying the limitations set forth above, no later than **April 8, 2014**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 17th day of March, 2014.

/S Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[16] Prot. Order, Doc. 24, at 5.
[17] *See* Order on Status Conference, Doc. 33.